**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SHAWN A.,

                Plaintiff,

   v.                                               6:22-CV-189
                                                         (DJS)

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

                Defendant.
_____

**APPEARANCES:**                       **OF COUNSEL:**

LAW OFFICES OF KENNETH HILLER, PLLC    JUSTIN GOLDSTEIN, ESQ.
Attorney for Plaintiff                        KENNETH HILLER, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.            MOLLY CARTER, ESQ.,
OFFICE OF REG'L GEN. COUNSEL          SHANNON FISHEL, ESQ.
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 12 & 13. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1970. Dkt. No. 8, Admin. Tr. ("Tr."), p. 83. Plaintiff reported that she had a high school diploma. Tr. at pp. 71 & 190. She has past work experience as a nurse's aide and a laundry worker. Tr. at pp. 71-72 & 190. Plaintiff alleges disability due to herniated discs, nerve damage to her left knee, high blood pressure, seasonal allergies, and type II diabetes. Tr. at p. 84.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits in August 2020. Tr. at pp. 158-162. She alleged a disability onset date of November 6, 2019, which was later amended to August 23, 2020. Tr. at pp. 70 & 83. Plaintiff's application was initially denied on November 13, 2020 and upon reconsideration on December 23, 2020, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 118-125, 127-134, & 135-136. Plaintiff appeared and testified at a hearing before ALJ Gretchen Greisler on May 26, 2021. Tr. at pp. 67-81. A vocational expert also testified at the hearing. *Id.* On July 2, 2021, the ALJ issued a written decision

finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 13-22. On January 5, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meet the insured status requirements of the Social Security Act through December 31, 2025 and had not engaged in substantial gainful activity since August 23, 2020, the amended disability onset date. Tr. at p. 15. Second, the ALJ found that Plaintiff had the following severe impairments: a lumbar spine disorder, degenerative joint disease affecting the left hip, a left knee impairment, asthma, and obesity. Tr. at p. 16. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). *Id.* Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations:

> she requires a brief, 1 to 2 minute change in position after sitting, standing or walking for 30 minutes, but retains the ability to remain on task while changing positions. She can occasionally stoop, balance, climb ramps, and climb stairs. She cannot crouch; crawl; kneel; climb ladders, ropes or scaffolds; or work at unprotected heights. The claimant can frequently reach in all directions and can frequently handle, finger, and feel. She cannot tolerate concentrated exposure to respiratory irritants.

Tr. at p. 17.

Fifth, the ALJ found that Plaintiff could perform her past relevant work as a laundry worker. Tr. at p. 21. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 22.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

4

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff's Memorandum of Law presents three issues for the Court's review. Plaintiff first claims that the ALJ's finding that Plaintiff needed a sit/stand option was not supported by substantial evidence. Dkt. No. 12, Pl.'s Mem. of Law at pp. 12-16. Second, Plaintiff claims that the ALJ erred in finding improvement in Plaintiff's medical condition. *Id.* at pp. 16-21. Finally, Plaintiff alleges that the ALJ erred in evaluating Plaintiff's subjective complaints. *Id.* at pp. 21-24. In response, Defendant asserts that the ALJ properly evaluated the record and that the analysis and ultimate decision were

both supported by substantial evidence. *See generally* Dkt. No. 13, Def.'s Mem. of Law at pp. 7-24.

### A. The Sit/Stand Option

As noted above, the ALJ found Plaintiff has the RFC to perform light work with numerous restrictions. Tr. at p. 17. Among the identified limitations, the ALJ stated that Plaintiff "requires a brief, 1 to 2 minute change in position after sitting, standing or walking for 30 minutes, but retains the ability to remain on task while changing positions." *Id.* Plaintiff challenges this finding as unsupported by the record. Pl.'s Mem. of Law at pp. 12-16. Plaintiff objects, in particular, that the ALJ's very specific finding in this regard was arbitrarily created by the ALJ. *Id.* at p. 14.

In reaching her conclusion, the ALJ cited the opinions of Doctors Krist and Lawrence, state agency consultants, as persuasive. Tr. at p. 20. Both, however, stated that Plaintiff could sit and stand for six hours out of an eight hour day. Tr. at pp. 90 & 104. The consultative opinion of Dr. Rita Figueroa was found "somewhat persuasive." Tr. at p. 20. She noted that Plaintiff had severe limitations on standing and moderate limitations to "prolonged sitting." Tr. at p. 393. The only opinion in the record that appears to have specifically limited Plaintiff's ability to sit and stand for a particular time is the opinion of Dr. George Hochreiter which "suggest[ed]" that Plaintiff sit or stand for no greater than a half hour. Tr. at p. 611. The ALJ, however, found that opinion to be "of little persuasiveness." Tr. at p. 21. No medical opinion in the record specifically articulated the need for a sit/stand option.

7

"The ALJ is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of his findings." *Shanaye S.M. v. Comm'r of Soc. Sec.*, 2019 WL 1988672, at *4 (N.D.N.Y. May 6, 2019) (citing cases); *see also Aregano v. Astrue*, 882 F. Supp. 2d 306, 320 (N.D.N.Y. 2012) ("A hearing officer must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision"). "The ALJ must 'build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review.'" *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

While a medical opinion specifically stating the need for a sit/stand option is not always required if the need for one is apparent on the record, *Morgan v. Comm'r of Soc. Sec.*, 2022 WL 3044861, at *13 (S.D.N.Y. July 8, 2022), *report and recommendation adopted sub nom. Morgan v. Kijakazi*, 2022 WL 3044576 (S.D.N.Y. Aug. 2, 2022), an ALJ cannot impose such a requirement upon her "own surmise." *Laura A. v. Comm'r of Soc. Sec.*, 2022 WL 464227, at *5 (W.D.N.Y. Feb. 15, 2022). Having found that the only opinion setting a temporal limit on Plaintiff's ability to sit and stand unpersuasive, the Court is unable to assess the reasonableness of the ALJ's ultimate conclusion to limit Plaintiff to thirty minutes at a time of standing or sitting. This is especially true given the finding of other medical professionals that Plaintiff could sit or stand for six hours. Nor does the record reveal how or why the ALJ determined that the change in positions needed to be only one or two minutes in duration. "A very specific RFC assessment -

such as the specific amount of time a claimant can spend on certain activities - must be based on evidence in the record, not on 'the ALJ's own surmise.'" *Heckman v. Comm'r of Soc. Sec.*, 2019 WL 1492868, at *3 (W.D.N.Y. Apr. 4, 2019) (quoting *Cosnyka v. Colvin*, 576 F. App'x. 43, 46 (2d Cir. 2014)).  Here, "[a]lthough medical opinion evidence in the record [may support] a determination that Plaintiff required a sit/stand option, the ALJ's otherwise thoroughly and well written decision provides inadequate analysis to support [her] specific sit/stand option." *Lakisha D. W. v. Comm'r of Soc. Sec.*, 2021 WL 5996972, at *3 (W.D.N.Y. Dec. 20, 2021); *see also Morgan v. Comm'r of Soc. Sec.*, 2022 WL 3044861, at *14.

Remand, therefore, is required for a more complete analysis of the propriety of and parameters for a sit/stand option.  Despite the necessity of remand on this question, the Court will address the other issues presented for review by Plaintiff for clarity of the record on remand.

### B. Improvement Findings and Evaluation of the Medical Opinions

Plaintiff next contends that the ALJ made improper findings about the level of improvement in certain of her conditions.  Pl.'s Mem. of Law at pp. 16-19.  She also maintains that the ALJ erred in finding two medical opinions unpersuasive.  *Id.* at pp. 20-21.  The Court finds no error with regard to either claim.

Plaintiff maintains that the ALJ improperly cherry-picked the record to identify only evidence supportive of a finding that she was not disabled.  Pl.'s Mem. of Law at p. 16.  In particular, Plaintiff alleges that the ALJ overstated her level of physical

9

improvement, when she was in fact experiencing continued and, at times, worsening pain. *Id.* at pp. 16-17. The ALJ's decision provided a detailed review of the record. The ALJ noted areas of improvement that were consistent with the medical evidence. *See*, *e.g.*, Tr. at p. 19 (citing to progress notes describing Plaintiff's symptoms as "gradually improving"). At the same time, the ALJ specifically noted evidence in the record that Plaintiff's pain level had "worsened." Tr. at p. 18. Overall, the ALJ's decision demonstrates a careful consideration of the record, not a result-oriented attempt to cite evidence of only a certain type. At bottom, Plaintiff's objection relates not to what evidence the ALJ considered, but how she weighed that evidence. To the extent Plaintiff's arguments ask the Court to do so, I decline the invitation to reweigh the evidence before the ALJ.. *See Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. at 153.

Plaintiff's position regarding medical opinions contends that the ALJ erred in discounting the opinions of Dr. Mutty and Dr. Hochreiter. Pl.'s Mem. of Law at p. 20. The ALJ found Dr. Mutty's opinion "somewhat persuasive." Tr. at pp. 20-21. Dr. Hochreiter's opinion was found to be of "little persuasiveness." Tr. at p. 21. The opinions of both doctors were discounted, in part, because they were based on

examinations predating the period of alleged disability. Tr. at p. 21. "Numerous courts have found, as did the ALJ here, that medical opinions that predate the alleged onset of disability are of limited relevance." *Andrew L. v. Berryhill*, 2019 WL 1081460, at *5 n.2 (N.D.N.Y. Mar. 7, 2019) (internal quotations and alterations omitted) (citing cases). Merely finding the persuasiveness of these opinions reduced as a result of this fact, Tr. at p. 21, is, therefore, clearly no basis for remand.[2]

### C. Subjective Findings

The ALJ is obligated to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar. 14, 2019) (quoting *Del Carmen Fernandez v. Berryhill*, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019)) (internal quotations and alterations omitted).

> The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b).
>
> If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work.'" *Barry v. Colvin*, 606 F. App'x 621, 623 (2d Cir. 2015) (citing *inter alia* 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original). If

---

[2] To the extent Plaintiff alleges the opinions were improperly discounted because the ALJ improperly evaluated Plaintiff's improvement, that argument lacks merit for the reasons identified above.

> the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

*Debra N. v. Comm'r of Soc. Sec.*, 2019 WL 1369358, at *7 (N.D.N.Y. Mar. 26, 2019).

Plaintiff alleges that the ALJ erred in evaluating Plaintiff's subjective complaints, Pl.'s Mem. of Law at pp. 21-24, however, the ALJ was clearly aware of the requirements of, and her obligations under, SSR 16-3p, Tr. at pp. 17-18, and the Court finds no error in her evaluation of Plaintiff's subjective complaints that would require remand.

Plaintiff's objection appears to be that the ALJ's analysis of her subjective complaints was too conclusory. Pl.'s Mem. of Law at pp. 22-23. The Court disagrees. The ALJ discussed Plaintiff's subjective complaints and specifically compared them to objective evidence in the record. Tr. at pp. 17-19. To the extent Plaintiff objects that not every subjective complaint was individually addressed by the ALJ, *id.* at p. 22, the Court is aware of no such requirement and Plaintiff cites to none. It is also clear that while Plaintiff contends that the ALJ did not consider certain things, the record reveals otherwise. Contrary to Plaintiff's suggestions, for example, the ALJ specifically noted the extent to which steroid injections and physical therapy provided only temporary or

minor relief for Plaintiff.  Tr. at p. 18.  Nor does the Court agree with the conclusory assertion by Plaintiff that the ALJ equated Plaintiff's ability to work part-time with a lack of disability.  *See* Pl.'s Mem. of Law at p. 23.  Plaintiff's argument, therefore, is best understood as a disagreement with the way the ALJ relied upon the evidence.  *See Steven H. v. Comm'r of Soc. Sec.*, 2021 WL 1893476, at *5 n.9 (W.D.N.Y. May 11, 2021).  "Since the record contained some evidence that was inconsistent with Plaintiff's subjective complaints, the ALJ had discretion to weight that evidence against Plaintiff's subjective complaints."  *Martucci v. Saul*, 2019 WL 2710795, at *5 (D. Conn. June 27, 2019).  While Plaintiff points to other evidence in the record which supports her position regarding the severity of her subjective complaints, it was ultimately for the ALJ, not this Court, to resolve such evidentiary conflicts.  *Mitch v. Comm'r of Soc. Sec.*, 2020 WL 1873025, at *9 (W.D.N.Y. Apr. 15, 2020) (citing cases); *Conger v. Comm'r of Soc. Sec.*, 2018 WL 947662, at *4 (N.D.N.Y. Feb. 16, 2018).

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 27, 2023
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge